UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LEE ANN TINCHER                                                    PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:09CV-701-S

UNIVERSITY OF LOUISVILLE, et al.                                   DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on motion of the defendants, University of Louisville, Larry Owsley, and James Ramsey, to dismiss the action for failure to state a claim upon which relief may be granted.

To overcome a motion to dismiss, a complaint must contain sufficient facts to state a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). As explained in *Ashcroft v. Iqbal*, ___U.S.___, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009),

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [*Twombly, supra.*] at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*., at 557, 127 S.Ct. 1955 (bracket omitted).

This matter arose from the termination of the plaintiff, Lee Ann Tincher, from her employment with the University of Louisville School of Medicine in November of 2007. Tincher was employed as a Senior Nurse Specialist-Diabetes in the Division of Pediatric Endocrinology, University Department of Pediatrics. Tincher was suspended and termination was recommended for certain conduct the details of which are irrelevant here. Tincher received notice and a two-day

evidentiary hearing at which she was represented by counsel, called witnesses and testified herself concerning the allegations underlying the recommended termination. After considering the evidence, the hearing officer recommended that the University reverse Tincher's suspension and award her back pay for the period of her lay-off. The hearing officer found that Tincher's proof had established that the complaints against her were false and that therefore the University did not have a reasonable basis for its action against her.

The Policies, Procedures, and Guidelines, PER 5.04 provided, in pertinent part, that:

Hearing Officer's Report

1. After the hearing has been completed, the hearing officer shall issue a written report which shall:

a. summarize the evidence presented at the hearing;
b. state the hearing officer's Findings of Fact and the basis for those findings; and
c. state the hearing officer's Recommendations for Action. This written report shall be submitted to the Associate Vice President for Human Resources...

2. The Associate Vice President for Human Resources or his or her designee shall submit the Hearing Officer's Report to the [University] President or his or her designee within three workdays of the receipt of the report.

Appeal Decision

1. The Hearing Officer's Report shall become the Appeal Decision seven workdays after the Report has been submitted to the President or his or her designee, unless the President or his or her designee determines that the Report, or any part of it is not in the best interest of the University.

2. If the President or his or her designee determines that the Hearing Officer's Report, or any part of it, is not in the best interest of the university, the President or his or her designee shall issue an Appeal Decision within seven workdays of receipt of the Hearing Officer's Report...

5. The Appeal Decision shall be final.

The post-hearing report issued, the report was submitted to Larry Owsley, Vice President for Business Affairs, the President's designee, who issued an Appeal Decision on November 17, 2008 which stated:

Upon review of the hearing record, Findings of Fact, Conclusions of Law, and Recommended Order and the Exceptions filed by counsel for the Department of Pediatrics, I hereby find that the Recommended Order issued by the Hearing Officer is not in the best interest of the University. As the President's Designee, it is my ruling that the Recommended Order shall not be adopted as the Appeal Decision in this matter. Accordingly, I am affirming the decision to terminate Petitioner Tincher's employment effective November 17, 2007, as previously rendered by the University of Louisville.

In accordance with Personnel Policy 5.04, this Appeal Decision is issued this 17th day of November, 2008. This matter is closed.

This action was brought pursuant to 42 U.S.C. § 1983 by Tincher alleging that she was denied procedural due process in her termination. Tincher acknowledges that "[t]he [Eleventh] Amendment prohibits suit against a 'state' in federal court whether for injunctive, declaratory or monetary relief." *Lawson v. Shelby County, Tennessee*, 211 F.3d 331, 335 (6th Cir. 2000). The complaint seeks compensatory and punitive damages as well as an order of reinstatement to her position of employment. To the extent that Tincher seeks such relief from the University of Louisville the claims are barred. *Hutsell v. Sayre*, 5 F.3d 996 (6th Cir. 1993)(state institutions of higher learning are considered arms of the state).Claims against Owsley or Ramsey in their official capacities for damages are essentially claims against the state and are also barred.

With respect to claims for prospective injunctive relief against Owsley and Ramsey individually, no such claims have been asserted in the complaint. Tincher states nothing more than that their acts were "[u]ndertaken under color of the laws of the Commonwealth of Kentucky in the individual and official capacities of the Defendants Owsley and Ramsay [sic]." Complaint, ¶ 10(a). The sole factual allegation in the complaint concerning either of these defendants is found at paragraph 8:

> On November 17, 2008, the Defendant Larry L. Owsley, acting as the designee of the Defendant, James Ramsay [sic], rejected the Findings and Conclusions and "Recommended Order"...and "affirmed" the decision of the Defendant University of Louisville to discharge the Plaintiff from her employment with it, originally made on November 17, 2007.

Thus the recitation of "individual" capacity is "a mere 'naked assertion' devoid of 'further factual enhancements,' and fails to state a claim upon which relief may be granted. *Weathers v. Kentucky State University*, 2009 WL 1683711 (E.D.Ky. June 16, 2009), *quoting Ashcroft v. Iqbal, supra.*

Based upon the foregoing, the motion of the defendants to dismiss will be granted and the action will be dismissed by separate order.


**IT IS SO ORDERED.**