UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LEE ANN TINCHER                                                        PLAINTIFF

v.                                               CIVIL ACTION NO. 3:09CV-701-S

UNIVERSITY OF LOUISVILLE, et al.                            DEFENDANTS

## **MEMORANDUM OPINION AND ORDER**

This matter is before the court on motion of the plaintiff, Lee Ann Tincher, to set aside the Court's May 3, 2010 order dismissing her claims against the University of Louisville, and Larry Owsley and James Ramsey in their official capacities, on the ground of 11th Amendment immunity. The court further found that although the complaint named Owsley and Ramsey in their individual capacities, there were no factual allegations contained in the complaint upon which to ground such claims. The court found the individual capacity claims against Owsley and Ramsey to be wholly deficient and dismissed them for failure to state a claim upon which relief may be granted, citing *Ashcroft v. Iqbal*, ___U.S.___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

As stated in *Iqbal*, and quoted in this court's May 3, 2010 decision,

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [*Twombly, supra.*] at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," **but it asks for more than a sheer possibility that a defendant has acted unlawfully.** *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557, 127 S.Ct. 1955 (bracket omitted).

*Iqbal*, at 1950 (emphasis added).

In the May, 2010 opinion, the court quoted from the University Policies, Procedures, and Guidelines which Tincher contends governed her employment. Tincher admits that she received the hearing provided for and the hearing officer issued a written report in accordance with the provisions

of that document. The document further provides that the Hearing Officer's Report becomes the Appeal Decision unless the President or his or her designee determines that the Report, or a part of it, is not in the best interest of the University. It further provides that if the President or his or her designee determines that any part of the Report is not in the best interest of the University, the President or designee will issue an Appeal Decision which will be final. Tincher acknowledges that Larry Owsley, Vice President for Business Affairs, the President's designee, issued an Appeal Decision on November 17, 2008 in which he concluded that the Recommended Order of the Hearing Officer was not in the best interest of the University, and that the decision to terminate Tincher would be upheld. As the court noted in the May 2010 opinion, the sole factual allegation in the complaint concerning either Ramsey or Owsley is that Owsley rejected the Hearing Officer's Report and affirmed Tincher's termination.

The complaint does not even attempt to articulate facts consistent with any theory of constitutional liability on the part of Ramsey or Owsley in their individual capacities. Rather, Tincher states that she has been denied her constitutional right to due process by these men without any factual basis for such an allegation which would permit the court to draw the reasonable inference that these defendants can be held liable for some misconduct. That Owsley rejected the hearing Officer's Report and affirmed Tincher's termination does not establish the facial plausibility of a constitutional claim against Ramsey and Owsley in their individual capacities. Therefore, motion having been made and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the plaintiff, Lee Ann Tincher, to set aside the court's May 3, 2010 order (DN 10) is **DENIED.**

**IT IS SO ORDERED.**